LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

DYANA TENORIO RIOS,
*on behalf of herself, FLSA Collective Plaintiffs*
*and the Class,*

                Plaintiff,

    v.

B B Q CHICKEN DON ALEX, INC d/b/a DON ALEX,
POLLOS A LA BRASAS 2014 CORP. d/b/a DON ALEX,
JOHN DOE CORP. d/b/a DON ALEX
and DIAVI OSORES,

                Defendants.

_____

Case No:

**CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

Plaintiff, DYANA TENORIO RIOS ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, B B Q CHICKEN DON ALEX, INC d/b/a DON ALEX, POLLOS A LA BRASAS 2014 CORP. d/b/a DON ALEX, JOHN DOE CORP. d/b/a DON ALEX (the "Corporate Defendants"), and DIAVI OSORES (together the "Individual

1

Defendant," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid wages due to time shaving, (4) liquidated damages and (5) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid wages due to time shaving, (4) compensation for unpaid spread-of-hours premiums due to time shaving, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff, DYANA TENORIO RIOS, for all relevant time periods, was a resident of Queens County, New York.

6.      The Defendants operate three restaurants under the common trade name "Don Alex" with addresses as follows:

(a)      95-04 37th Avenue, Queens, NY 11372;

(b)      84-10 37th Avenue, Jackson Heights, NY 11372; and

(c)      106-26 Corona Avenue, Flushing, NY 11368 (collectively, "Don Alex Restaurants").

Defendants operate Don Alex Restaurants as a single integrated enterprise. Specifically, Don Alex Restaurants are engaged in related activities, share common ownership and have a common business purpose. Don Alex Restaurants are commonly owned by the Individual Defendant, DIAVI OSORES. Don Alex Restaurants share a common logo, share a common feel and serve similar menu items. Supplies and employees are interchangeable between the Don Alex Restaurants.

7.      Corporate Defendants:

(a) B B Q CHICKEN DON ALEX d/b/a DON ALEX is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 95-04 37th Avenue, Jackson Heights, New York 11372.

(b) POLLOS A LA BRASAS 2014 CORP. d/b/a DON ALEX is a domestic business corporation organized under the laws of the state of New York, with a principle place of business and an address for service of process located at 84-10 37th Avenue, Jackson Heights, NY 11372.

(c) JOHN DOE CORP. d/b/a DON ALEX is a domestic business corporation organized under the laws of the state of New York, with a principle place of business and an address for service of process located at 106-26 Corona Avenue, Flushing, NY 11368.

8.      Individual Defendants:

(a) DIAVI OSORES is the owner and Chief Executive Officer of each of the Corporate Defendants. DIAVI OSORES exercises operational control as it relates to all

3

employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to DIAVI OSORES directly regarding any of the terms of their employment, and DIAVI OSORES would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.  DIAVI OSORES is regularly present at the "Don Alex" restaurants and he directly reprimands any employee who does not perform his duties correctly.

9.      At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

11.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including waiters, busboys, runners, bartenders, barbacks, hostesses, cooks, line-cooks, food preparers, dishwashers and porters) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the  overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.  Furthermore, a subclass of FLSA Collective Plaintiffs who were tipped employees comprised of waiters, busboys, runners, bartenders and barbacks (the "Tipped Subclass"), also suffered from Defendants' failure and refusal to pay them the proper minimum wage. With respect to the Tipped Subclass, Defendants were not entitled to take any tip credits under the FLSA, because they failed to satisfy all statutory requirements for taking a tip credit. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, waiters, busboys, runners, bartenders, barbacks, cooks, line-cooks, food preparers, dishwashers and hostesses) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are

determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters, busboys, runners, bartenders and barbacks ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and Tipped Subclass.

17.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium for hours worked in excess of 40 per workweek, (ii) failing to pay spread of hours premium and (iii) failing to provide proper wage notice and wage statements to employees. Tipped Subclass members were also subject to Defendants' practices of failing to pay them the proper statutory minimum wage. Defendants were not entitled take any tip credits under the NYLL, because they failed to satisfy all statutory requirements for taking a tip credit. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or

wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d)   Whether Defendants paid Plaintiff and Tipped Subclass members the federal and state minimum wage for all hours worked;

e)  Whether Defendants properly provided notice to Plaintiff and members of the Tipped Subclass that Defendants were taking a tip credit;

f)   Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as provided under the New York Labor Law;

g)   Whether Defendants took the proper amount of tip credit allowance from the compensation of Plaintiff and Tipped Subclass members under the New York Labor Law;

h)   Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

i)   Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law, due to a policy of time-shaving;

j)   Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

k)    Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

## STATEMENT OF FACTS

22.    In or around December 2013, Plaintiff DYANA TENORIO RIOS was hired by Defendants to work as a waitress for the "Don Alex" restaurant at 95-04 37th Avenue, Queens, NY 11372. From in or about August 2014 until in or about December 2014 and from in or about

July 2015 until in or about February 2016, Plaintiff RIOS was out of her job. Plaintiff RIOS was discharged on or about October 13, 2016.

23.     From in or about December 2013 until in or about August 2014, Plaintiff DYANA TENORIO RIOS had a regular work schedule as follows: from 2:00 p.m. to 11:00 p.m. on Mondays, Tuesdays, Thursdays, Saturdays and Sundays; for a total of 45 hours per week. However, Plaintiff always worked until 12:00 a.m. each workday, and the number of her actual hours worked was 50 hours per week.

24.     From in or about December 2014 until in or about July 2015, Plaintiff RIOS had a regular schedule as follows: from 2:00 p.m. to 11:00 p.m. on Mondays, Thursdays, Fridays, Saturdays and Sundays; from 10:00 a.m. to 7:00 p.m. on Tuesdays; for a total of 54 hours per week. However, Plaintiff always worked until 12:00 a.m. on Mondays, Thursdays, Fridays, Saturdays and Sundays, and until 7:30 p.m. on Tuesdays; the number of her actual hours worked was 59.5 hours per work.

25.     From in or about February 2016 until on or about October 13, 2016, Plaintiff RIOS had a regular schedule as follows: from 2:00 p.m. to 11:00 p.m. on Mondays, Thursdays, Fridays, Saturdays and Sundays; from 10:00 a.m. to 7:00 p.m. on Tuesdays; for a total of 54 hours per week. However, Plaintiff always worked until 12:00 a.m. on Mondays, Thursdays, Fridays, Saturdays and Sundays, and until 7:30 p.m. on Tuesdays; the number of her actual hours worked was 59.5 hours per week.

26.     Throughout Plaintiff's employment, she was paid for her scheduled hours only, resulting in unpaid overtime and spread-of-hours premiums. Other FLSA Collective Plaintiffs and Class members worked similar hours and suffered similar policy.

27.     Throughout her entire employment, Plaintiff RIOS was paid a base hourly rate of $3 per hour in cash, including hours worked over 40 per workweek. Other Tipped Subclass members were paid similar rates under the statutory minimum wage, and all Class members were similarly paid a straight-time rate for all overtime hours.

28.     At all relevant times, Defendants paid Plaintiff and Tipped Subclass members at hourly rates below the standard minimum wage.

29.     Although Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

30.     Plaintiff, FLSA Collective Plaintiffs and Class members had workdays that regularly exceeded 10 hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL, due to a policy of time-shaving.

31.     Plaintiff and Tipped Subclass members did not receive any notice that Defendants were claiming a tip credit on tipped employees' compensation.  They were never explained that Defendants were claiming a tip credit allowance and did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.

32.     Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time-shaving.

33.     Defendants unlawfully failed to pay Plaintiff and the Tipped Subclass the Federal and State minimum wage for all hours worked.

34.     Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half)  for hours they worked over 40 in a workweek.

35.     Defendants failed to keep track of the daily amount of tips received by Plaintiff and the Tipped Subclass, and also failed to keep the proper employment records required under the FLSA and NYLL.

36.     Defendants paid Plaintiff and the Tipped Subclass the invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wages. Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, and (iii) failed to track the amount of tips received daily in violation of NYLL.

37.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage notices or proper wage statements as required by NYLL. Plaintiff and Class members received wage statements that reflected an incorrect number of hours worked for the relevant pay period. With respect to the Tipped Subclass, Defendants also failed to disclose the amount of tip credit claimed in each pay period. Defendants also caused Plaintiff and Tipped Subclass members to spend more than 2 hours or 20% of their shift on non-tipped activities. For example, throughout Plaintiff's employment, she was required to keep the bar area tidy, man the dessert area, refill sodas, clean the restrooms, etc.

38.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

# STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

39.     Plaintiff realleges and reavers Paragraphs 1 through 38 of this class and collective action Complaint as if fully set forth herein.

40.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

41.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

42.     At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.00.

43.     At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and Tipped Subclass members for their hours worked. As factually described above, Defendants were not entitled to claim any tip credits under FLSA with respect to the Tipped Subclass.

44.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

45.     At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

46.     Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

48.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

49.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, plus an equal amount as liquidated damages.

50.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

51.     Plaintiff realleges and reavers Paragraphs 1 through 50 of this class and collective action Complaint as if fully set forth herein.

52.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

53.     Defendants willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked.  As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

54.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all hours worked due to a policy of time-shaving.

55.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

56.     Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

57.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium required by state law.

58.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

59.     Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

60.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime, unpaid spread-of-hours premiums, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.   An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.   An award of unpaid compensation due to a policy of time-shaving;

f.   An award of unpaid spread of hours premium due under the New York Labor Law;

g.   An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage, pursuant to 29 U.S.C. § 216;

i.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and spread of hours premium pursuant to the New York Labor Law;

j.     An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.     Designation of this action as a class action pursuant to F.R.C.P. 23;

m.     Designation of Plaintiff as Representative of Class; and

n.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 30, 2016

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
    C.K. Lee, Esq. (CL 4086)